■ PAMELA A. FALZONE, Respondent, v STANLEY T. FALZONE, Appellant. — Order, Supreme Court, Bronx County (Di Fede, J.), entered March 26, 1981, unanimously modified, in the exercise of discretion, to strike that portion thereof awarding plaintiff-respondent sole and exclusive possession of the former family home, and otherwise affirmed, without costs. By virtue of a separation agreement, title to the house was conveyed to defendant husband. Thereafter, the plaintiff wife, claiming fraud by the husband and the lawyer who had represented both of them in drawing the agreement, commenced this action for divorce and rescission, moving for exclusive possession of the house and an injunction *pendente lite* against alienation of all the property turned over to the husband. The motion was granted in its entirety. The husband had been living in the house since the separation, whereas the wife, independently employed and self-supporting, had her own separate abode. In view of the injunction, the house will be safe from alienation even if the husband lives there. The wife being amply protected pending outcome of the litigation, we consider that portion of the order granting exclusive possession to have been improvident. Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.

■ PLAZA MANAGEMENT CO., Appellant, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County (Bowman, J.), entered January 10, 1980, unanimously reversed, on the law, and the matter remanded to Special Term, Supreme Court, New York County, for compliance with subdivision 2 of section 720 of the Real Property Tax Law, without costs. We are unable, in the absence of the required findings to evaluate the judgment under review. The application to supplement the record by addition of certain papers said to be public documents is dismissed as academic. Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.